UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT GILBERT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:24-cv-01394-GCS |
| | ) |
| LATOYA HUGHES, et al.,[1] | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

Plaintiff Robert Gilbert, an inmate of the Illinois Department of Corrections, brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights while incarcerated at Big Muddy Correctional Center ("Big Muddy"). Now pending before the Court is Plaintiff's Motion for Preliminary Injunction. (Doc. 60). For the reasons stated below, Plaintiff's motion is **DENIED**.

## BACKGROUND

On July 15, 2024, the Court completed its preliminary review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A. (Doc. 12). Plaintiff was permitted to proceed on the following claims:

> **Count 1: First Amendment claim against Defendants Galloway, Morganthaler, Hverre, and Morris for interfering with Plaintiff's religious exercise by confiscating his religious chain, refusing to return it to him, and recommending he find a different religion.**

---

[1]  The Clerk of Court is **DIRECTED** to reflect the correct spelling of Latoya Hughes' name on the docket.

> **Count 2:** Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, *et seq.*, claim against Defendant Hughes in her official capacity for interfering with Plaintiff's religious exercise by confiscating his religious chain, refusing to return it to him, and recommending he find a different religion.
>
> **Count 3:** Fourteenth Amendment Equal Protection Clause claim against Defendants Galloway, Morganthaler, Hverre, and Morris for singling out Plaintiff for discrimination based on his religion when they refused to return his chain and intentionally mailed it to the wrong address.
>
> **Count 4:** Eighth Amendment deliberate indifference claim against Defendants Morganthaler and Cisqo for failing to intervene or provide care for Plaintiff's hunger strike, depression, and anxiety.

*Id.* at p. 5, 7.

Before the Court is Plaintiff's Motion for a Preliminary Injunction filed on June 2, 2025. (Doc. 60). Plaintiff recounts the allegations from his Complaint that Defendants confiscated his religious chain and charm and then purposefully mailed it to an incorrect address to prevent Plaintiff from exercising his First Amendment rights. *Id.* at p. 1. For relief, Plaintiff requests that the Court issue a preliminary injunction requiring Defendants to allow Plaintiff to replace, at Plaintiff's expense, another chain/charm in the same size and to post a new size rule acknowledging that Plaintiff was wrongfully deprived of his original chain charm. *Id.* at p. 3.

## Legal Standards

A preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that the plaintiff is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A Charles Alan Wright, Arthur R Miller, & Mary Kay Kane, Fed. Prac. and Proc. § 2948 (5th ed. 1995)). The purpose of such an injunction is

"to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). Plaintiff has the burden of demonstrating: (1) a reasonable likelihood of success on the merits; (2) no adequate remedy at law; and (3) irreparable harm absent the injunction. *See Planned Parenthood of Indiana, Inc. v. Commissioner of Indiana State Dept. Health*, 699 F.3d 962, 972 (7th Cir. 2012).

Regarding the first element, the Court must determine whether "plaintiff has any likelihood of success – in other words, a greater than negligible chance of winning." *AM General Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796, 804 (7th Cir. 2002). If Plaintiff meets his burden, the Court must then weigh "the balance of harm to the parties if the injunction is granted or denied and also evaluate the effect of an injunction on the public interest." *Id.* In addition, the Prison Litigation Reform Act ("PLRA") provides that a preliminary injunction must be "narrowly drawn, extend no further than necessary to correct the harm . . . , and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Finally, pursuant to Federal Rule of Civil Procedure 65(d)(2), a preliminary injunction would bind only the parties, their officers or agents, or persons in active concert with the parties or their agents.

## Discussion

Plaintiff seeks to replace his religious chain and charm and for Defendants to post a new size rule stating that Plaintiff's previous chain and charm were wrongfully confiscated. (Doc. 60, p. 3). However, Plaintiff has failed to show that he is entitled to the relief he seeks.

First, Plaintiff provides no supporting facts or evidence in his motion. His assertions simply restate the same past harms that are the subject of his Complaint, *i.e.*, the taking of his chain and charm caused emotional distress and that he will never be able to possess the same item. *Id.* Plaintiff has thus not demonstrated a likelihood of success on the merits of his claims.

Plaintiff also fails to identify any irreparable harm that will occur absent a preliminary injunction. "[T]he mere allegation of '[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects.'" *Palmer v. City of Chicago*, 755 F.2d 560, 571 (7th Cir. 1985) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 495-496 (1974)). To the extent Plaintiff insinuates that he is concerned he will never be able to possess any religious chain or charm, that is too speculative to warrant a preliminary injunction. *See, e.g., Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008) (reasoning that "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with [the Supreme Court's] characterization of injunctive relief as an extraordinary remedy . . . .").

Finally, the relief Plaintiff seeks—allowing him to possess a religious chain or charm—is the type of relief that could be obtained if he is ultimately successful. In fact, Plaintiff seeks the same relief in his Complaint, *i.e.*, he be allowed to possess the same size chain and charm that was confiscated. (Doc. 2, p. 17). A preliminary injunction is not warranted when the order would give "to plaintiff the actual advantage which would be obtained in a final decree." *W.A. Mack, Inc., v. General Motors Corp.*, 260 F.2d 886, 890 (7th

Cir. 1958). *See also D.U. v. Rhoades*, 825 F. 3d 331, 339 (7th Cir. 2016) (explaining that the "possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm") (citing *Sampson v. Murray*, 415 U.S. 61, 90 (1974). Thus, Plaintiff has failed to show that he is entitled to a preliminary injunction.

## Conclusion

For the reasons stated above, a preliminary injunction is not warranted at this stage. Plaintiff's motion (Doc. 60) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: June 3, 2025.**

*Digitally signed by Judge Sison*
*Date: 2025.06.03 11:40:30 -05'00'*

**GILBERT C. SISON**
**United States Magistrate Judge**