UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT GILBERT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:24-cv-01394-GCS |
| | ) |
| LATOYA HUGHES, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

# MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

Plaintiff James Brexton, an inmate of the Illinois Department of Corrections ("IDOC"),[1] brings this civil rights action pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, *et seq.*, related to confiscation of a religious item and denial of proper health care. (Doc. 2). Pending before the Court is a Motion to Dismiss for Failure to State a Claim by Defendant Shelia Cisco.[2] (Doc. 38). For the reasons delineated below, Defendant's Motion is **DENIED**.

### BACKGROUND

Plaintiff filed his Complaint on May 28, 2024. (Doc. 2). Plaintiff broadly alleges that his religious chain was confiscated by IDOC officials, who purposefully shipped it to the

---

[1] Plaintiff is currently incarcerated at Pinckneyville Correctional Center.

[2] The Clerk of Court is **DIRECTED** to amend the docket to reflect the correct spelling of Defendant Shelia Cisco's name.

wrong address to prevent him from exercising his First Amendment rights. *Id.* at p. 9-11. Relevant to the instant motion, Plaintiff alleges that he committed himself to suicide watch due to anxiety and depression in May 2022. *Id.* at p. 11. Plaintiff met with mental health professionals, including Defendant Cisco, but "nothing was done under administrative rules to scrutinize [his] plea to protect his rights." *Id.* Plaintiff also went on hunger strike for eight days in May 2022. *Id.* at p. 12. As a result, he experienced headaches, dizziness, kidney pain, dehydration, weakness, weight loss, and loss of his throat muscles. *Id.* He met with Wardens Morganthaler, Hverre, and Galloway ("Wardens") while on hunger strike. Warden Morganthaler told Plaintiff, "I'm leaving you on hunger strike[.] I don't care if you die." *Id.* Mental health officials failed to intervene or protect Plaintiff from the Wardens' indifference by "contacting legal a[u]thorities." *Id.* The deterioration of Plaintiff's mental health stemmed from the confiscation of his religious chain. *Id.*

On July 15, 2024, the Court completed a preliminary review of Plaintiff's Initial Complaint pursuant to 28 U.S.C. § 1915A ("Screening Order"). (Doc. 12). The Court allowed Plaintiff to proceed on the following claims:

> **Count 1:** **Galloway, Morganthaler, Hverre, and Morris interfered with Gilbert's religious exercise by confiscating his religious chain, refusing to return it to him, and recommending he find a different religion, in violation of the First Amendment.**
>
> **Count 2:** **Latoya Hughes, in her official capacity, for interfering with Gilbert's religious exercise by confiscating his religious chain, refusing to return it to him, and recommending he find a different religion, in violation of RLUIPA.**

Page 2 of 9

> **Count 3:** Galloway, Morganthaler, Hverre, and Morris singled out Gilbert for discrimination based on his religion when they refused to return Gilbert's chain and intentionally mailed the item to the wrong address in violation of the Fourteenth Amendment Equal Protection Clause.
>
> **Count 4:** Eighth Amendment deliberate indifference claim against Morganthaler and Ms. Cisco for failing to intervene or provide care for Gilbert's hunger strike, depression, and anxiety.

(Doc. 12, p. 8, 13).

On October 8, 2024, Defendant Cisco filed a Motion to Dismiss for Failure to State a Claim. (Doc. 38). Plaintiff filed a Response in Opposition. (Doc. 55). Accordingly, the motion to dismiss is now ripe for the Court's review.

## LEGAL STANDARDS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of a complaint for failure to state a claim upon which relief may be granted. *See* FED. R. CIV. PROC. 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss, the Court must accept all allegations in the complaint as true. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The federal system of notice pleading requires only that a plaintiff provide a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. PROC. 8(a)(2). However, the allegations must be "more than labels and conclusions." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008) (citation omitted). This requirement is satisfied if the complaint: (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests; and (2) plausibly suggests that the plaintiff has a right to

relief above a speculative level. *See Twombly*, 550 U.S. at 555; *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). However, if "it appears beyond a doubt that plaintiff can prove no set of facts in support of his claim which would entitle [him] to relief[,]" the Court must dismiss the claim. *Mattice v. Memorial Hosp. of South Bend, Inc.*, 249 F.3d 682, 684 (7th Cir. 2001) (citation omitted).

## DISCUSSION

**A.    Whether the Court's Merit Review Pursuant to § 1915A Forecloses the Motion to Dismiss.**

Defendant Cisco argues that Plaintiff's claim against her should be dismissed because it is limited to one statement and fails to state any action by her that would amount to a constitutional violation. (Doc. 38). However, as noted above, the Court previously determined that Plaintiff successfully stated an Eighth Amendment claim against Defendant Cisco in its Screening Order. (Doc. 12). A preliminary review conducted pursuant to § 1915A is based on the same *Twombly* pleading standard as the present 12(b)(6) motion. *See, e.g.*, *Weiss v. Cooley*, 230 F.3d 1027, 1029 (7th Cir. 2000) (stating that this "standard, derived from Rule 12(b)(6), also applies to the dismissal of claims under § 1915A"). Therefore, before turning to the merits of the motion, the Court must determine whether Defendant Cisco's Motion to Dismiss is precluded by the Court's Screening Order.

Courts have disagreed on the effect of a § 1915A screening order on a subsequent motion to dismiss. Some courts have found that surviving a § 1915A screening creates a rebuttable presumption that the Plaintiff has pled sufficient facts to state a claim. *See, e.g.*, *Murray v. Corrections Corp. of America*, No. CV 11-2210-PHX-RCB (JFM), 2012 WL 2798759, at *3 (D. Ariz. July 9, 2012) (finding that a Rule 12(b)(6) motion to dismiss is "almost never" appropriate when the Court has already screened a prisoner complaint pursuant to § 1915A and applying the standard for reconsideration of a prior order to the motion); *Chavez v. Yates*, No. 1:09-cv-01080-AWI-SKO PC, 2013 WL 5519594, at *2 (E.D. Cal. Oct. 3, 2013), *report and recommendation adopted*, No. 1:09-CV-1080-AWI, 2013 WL 5883670 (E.D. Cal. Oct. 3, 2013) (holding that motions to dismiss previously-screened prisoner complaints "implicate the law of the case doctrine, unnecessarily multiply the proceedings, and fall well below the level of practice which is expected in federal court"). Other courts have rejected this position, holding a § 1915A screening has no binding effect on a subsequent 12(b)(6) motion to dismiss because screenings are "performed without any adversarial development of the issues." *Harris v. Ruthenberg*, 62 F. Supp.3d 793, 801 (N.D. Ill. 2014).

The Court finds the former position persuasive. To reexamine the Complaint here, when Plaintiff has not otherwise amended it, undermines the purpose of the Court's preliminary review. A successive review effectively asks the Court to overturn the law of the case, unnecessarily multiplying these proceedings. Defendant Cisco does not argue that the Court's Screening Order was deficient. However, because the Court evaluated Plaintiff's complaint under the same standard as a motion to dismiss, the Court could not

grant the motion to dismiss without also finding that its prior determination was in error. Stated differently, in arguing that Plaintiff failed to state a claim against her in his Complaint, Defendant Cisco effectively asks the Court to partially reconsider its Screening Order.

For the above reasons, the Court finds that the motion to dismiss is foreclosed by the Screening Order and construes it as a motion for reconsideration under Federal Rule of Civil Procedure 54(b). Holding the defendants to this standard to avoid duplicative pleadings does not foreclose the possibility of developing the issues in an adversarial manner. To the contrary, applying the standard for a motion for reconsideration forces the parties to analyze the sufficiency of the screening and the complaint themselves before raising any alleged deficiencies in a motion for reconsideration. This standard therefore promotes judicial efficiency, the interests of justice, and adherence to the law of the case doctrine. Accordingly, the Court turns to whether Defendant Cisco has satisfied the heightened burden for reconsideration of the Screening Order under Rule 54(b).

**B.   Whether the Court Erred by Finding Plaintiff Stated a Claim Against Defendant Cisco.**

Federal Rule of Civil Procedure 54(b) allows district courts to revisit "any order or other decision . . . that adjudicates fewer than all the claims" in an action and to revise it at any point before the entry of judgment as justice requires. FED. R. CIV. PROC. 54(b). Motions to reconsider interlocutory orders under this rule "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) (internal

quotations and citations omitted). "A manifest error is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal quotations and citation omitted). The standards for reconsideration are exacting, and the Seventh Circuit has stressed that appropriate issues for reconsideration "rarely arise." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (internal quotations and citation omitted).

Defendant Cisco fails to demonstrate reconsideration is appropriate under these standards. To state a claim for deliberate indifference, an inmate must put forward facts implicating both an objective and subjective element, namely that: (1) an objectively serious medical need was deprived, and (2) the official knew that the risk of injury was substantial but nevertheless failed to take reasonable measures to prevent it. *See Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001) (citing *Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999)); *see also Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011).

Plaintiff alleges that he committed himself to suicide watch in May 2022 while he was suffering from depression and anxiety, which stemmed from the seizure of his religious chain. (Doc. 2, p. 11-12). He states that he was "seen while in the watch cell by mental health professional Ms. Cisco and Ms. Jane Doe where nothing was done under administrative rules to scrutinize [his] plea to protect his rights." *Id.* at p. 11. He further claimed that the "mental health department of Big Muddy failed to protect him and failed to intervene by contacting legal a[u]thorities" while he was on hunger strike and that he suffered from "aches, dizziness, kid[]ney pain, loss of throat muscle, dehydration,

weakness, dark urine and weight loss of thirty pounds." *Id.* at p. 12. The Court interpreted these allegations to mean that Plaintiff "specifically alleges that Ms. Cisco saw [him] but failed to provide him any care" while on hunger strike and suicide watch. (Doc. 12, p. 11). The Court then found that these allegations were sufficient to state an Eighth Amendment claim of deliberate indifference against Defendant Cisco. *Id.*

Reconsideration is not warranted under these circumstances. The Court is to construe a *pro se* plaintiff's complaint "liberally," holding it to a "less stringent standard than formal pleadings drafted by lawyers." *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (quoting *Arnett*, 658 F.3d at 751). Here, Plaintiff claims he experienced headaches, dizziness, kidney pain, dehydration, weakness, weight loss, anxiety, and depression in May 2022, but that Defendant Cisco nevertheless did not act "to scrutinize [his] plea to protect his rights" when she visited him while he was on suicide watch. (Doc. 2, p. 11-12). While it is not entirely clear what Plaintiff means by "pleas to protect his rights," the Court does not agree with Defendant Cisco that these allegations fail to satisfy the low bar set by Rule 12(b)(6). Courts are to grant Rule 12(b)(6) motions "only where it appears beyond a doubt that the plaintiff can prove no set of facts that would entitle [him] to relief." *See Mattice*, 249 F.3d at 684 (quoting *Homeyer v. Stanley Tulchin Associates, Inc.*, 91 F.3d 959, 961 (7th Cir. 1996). The Court cannot say that is the case here. Accordingly, the Court finds that it did not commit a manifest error of law when it determined that Plaintiff stated a deliberate indifference claim against Defendant Cisco.

## CONCLUSION

For the reasons outlined above, Defendant's Motion to Dismiss for Failure to State

a Claim is **DENIED**. (Doc. 38).

**IT IS SO ORDERED.**

**DATED: July 11, 2025.**

Gilbert C Sison
Digitally signed by Gilbert C Sison
Date: 2025.07.11 11:12:16 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**